# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BENJAMIN WUNDERLICH, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REGIONS BANK, INC. F/K/A REGIONS FINANCIAL CORPORATION,<br><br>Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:21-cv-00053<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

NOW COMES the Plaintiff, BENJAMIN WUNDERLICH ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of the Defendant, REGIOINS BANK, INC. F/K/A REGIONS FINANCIAL CORPORATION ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is conferred upon this Court by the TCPA because the action arises under the laws of the United States.

4. Supplemental jurisdiction exists for the state law ICFA claim pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in this District and a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

6. BENJAMIN WUNDERLICH ("Plaintiff") is a consumer and natural person who at all times relevant resided in the Northern District of Illinois.

7. REGIONS BANK, INC., F/K/A REGIONS FINANCIAL CORPORATION ("Defendant") is a corporation organized and existing under the laws of Alabama.

8. Defendant is a prominent banking holding company that provides retail banking, commercial banking, trust, stock brokerage, and mortgage services.

9. Defendant operates over 1,900 automated teller machines and over 1,400 branches in 16 states across the United States.

10. Defendant maintains its principal place of business in Birmingham, Alabama.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant conducts business is the state of Illinois.

**FACTS SUPPORTING CAUSE OF ACTION**

13. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 0135.

14. At all times relevant, Plaintiff's number ending in 0135 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff is and has always been financially responsible for his cellular phone and its services.

16. At some point in 2018, Plaintiff obtained a loan from Defendant.

17. Unfortunately, due to unforeseen financial difficulty, Plaintiff fell behind on his obligation to Defendant.

18. Sometime thereafter, Plaintiff was able to secure a loan modification to cure the deficiency.

19. In or around September 2020, Plaintiff started to receive phone calls from Defendant.

20. Upon answering Defendant's phone calls, Plaintiff was greeted with a prerecorded message stating: "Hello, this is Regions Bank. We have a message for 'Benjamin Wunderlich'… If this is Benjamin press 1, if this is not Benjamin Press 2."

21. Plaintiff was incredibly frustrated that he was unable to speak to a live representative to request that the phone calls stop when he answered Defendant's unwanted telephone calls.

22. Eventually, on or around December 4, 2020, Plaintiff spoke with one of Defendant's representatives.

23. During this phone call, Plaintiff requested that the phone calls cease.

24. Undeterred, Defendant continued placing unwanted and unconsented to phone calls to Plaintiff's cellular phone utilizing an artificial voice as described above.

25. In total, upon information and belief, Defendant placed no less than fourteen (14) phone calls to Plaintiff's cellular phone number ending in 0135 utilizing a prerecorded voice without Plaintiff's consent.

26. The frequency of Defendant's calls to Plaintiff's cellular phone severely disrupted Plaintiff's everyday life and general well-being.

27. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unsolicited telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; diminished value and functionality of his cellular phone; the loss of battery charge; and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

28. As a result of Defendant's actions, Plaintiff has been forced to expend time and energy to retain counsel, and has incurred attorney's fees and costs.

## **CLASS ALLEGATIONS**

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons residing in the United States: (a) to whom Defendant or a third party acting on Defendant's behalf placed or caused to be placed a call, (b) directed to a number assigned to a cellular telephone service or a service for which the called party is charged for the call, (c) using an artificial or prerecorded voice, (d) at any time in the period that begins four years before the date of the filing of the original complaint through the date of class certification in which Defendant did not have consent to contact them.

31. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or

4

its parents have a controlling interest and its current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.    Numerosity**

32.    The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

33.    Upon information and belief, Defendant made phone calls to hundreds of consumers who fall into the definition of the Putative Class.

34.    Members of the Putative Class can be objectively identified from the records of Defendant and any affiliated vendors to be gained through targeted discovery.

**B.    Commonality and Predominance**

35.    There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.    Typicality**

36.    Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.    Superiority and Manageability**

37.    This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

38. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

39. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

40. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.  Adequate Representation**

41. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

42. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

43. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**COUNT I:**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**(ON BEHALF OF PLAINTIFF AND MEMBERS OF THE PUTATIVE CLASS)**

44. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45. Defendant placed or caused to be placed no less than fourteen (14) non-emergency calls to Plaintiff's cellular telephone number utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

46. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon Plaintiff answering the call.

47. Upon information and belief, Defendant does not maintain an effective system to process consumer opt-outs and/or cease requests.

48. Specifically, as pled above, Plaintiff requested that the calls cease during a call with a live representative.

49. As pled above, Plaintiff was harmed by Defendant's unlawful phone calls.

50. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call.

51. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE Plaintiff, BENJAMIN WUNDERLICH, on behalf of himself and members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated the TCPA;

C. an order enjoining Defendant from placing further violating calls to consumers;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. an award of such other relief as this Court deems just and proper.

## COUNT II:
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
**(On Behalf of Plaintiff Only)**

52. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

53. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

54. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

55. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

56. Defendant is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f).

### a. Unfairness and Deception

57. It was unfair for Defendant to place phone calls containing automated messages to Plaintiff's cellular phone after being requested to cease.

58. It was unfair for Defendant to attempt to collect a debt by placing no less than 14 calls to Plaintiff's cellular phone after he requested that the phone calls cease.

59. Plaintiff had no choice but to submit to Defendant's phone calls. Specifically, the only option available to Plaintiff to escape Defendant's phone calls was to turn off his cellular phone. However, given the imperative function cellular phones play in today's society, Plaintiff had no reasonable alternative other than to submit to Defendant's phone calls.

60. The phone harassment campaign that Defendant unleashed on Plaintiff was against public policy, unethical, and oppressive.

61. As pled above, Plaintiff was substantially harmed by Defendant's unfair conduct.

62. Upon information and belief, Defendant systematically places harassing phone calls to consumers in Illinois in order to aggressively collect debts.

63. Upon information and belief, placing unsolicited and harassing cellular phone calls to consumers is an unfair business practice willfully employed by Defendant and is done on a mass scale.

64. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton; showed a reckless disregard for the rights of the Plaintiff and consumers, generally; and Plaintiff had no choice but to submit to the continued harassing calls.

WHEREFORE Plaintiff, BENJAMIN WUNDERLICH, requests the following relief:

A. An order finding that Defendant violated the ICFA;
B. An order enjoining Defendant from placing further violating calls to Plaintiff;
C. Award Plaintiff his actual damages in an amount to be determined at trial;
D. Award Plaintiff punitive damages in an amount to be determined at trial;
E. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
F. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: January 5, 2021                                Respectfully Submitted,

**BENJAMIN WUNDERLICH**

/s/ *Victor T. Metroff*

Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, Illinois 60148
Phone (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com